IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR457 |
| | ) | |
| Plaintiff, | ) | **BRIEF IN SUPPORT OF DEFENDANT'S** |
| | ) | **MOTION FOR DOWNWARD** |
| -vs- | ) | **DEPARTURE OR DEVIANCE FROM THE** |
| | ) | **SENTENCING GUIDELINES** |
| VICKI CASS, | ) | |
| | ) | |
| Defendant. | ) | |

The Defendant, Vicki Cass, is pending sentencing after pleading guilty to conspiracy to launder money and a forfeiture count. The Presentence Investigation Report ("PSR") has calculated a total offense level of 27 and a criminal history category of I, resulting in a sentencing range of 70-87 months. The defendant submits this brief in support of her motion for downward departure or deviance from the advisory sentencing guidelines.

## ARGUMENT

I. FEDERAL SENTENCING GUIDELINES PROVIDE VARIOUS GROUNDS FOR DEPARTURE PURSUANT TO SECTION 5K2.

U.S.S.G. Section 5K2.0 allows a sentencing court to depart downward from the applicable guideline range if the court finds, pursuant to 18 U.S.C. sec. 3553(b)(1), that there exists mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines. The guidelines also allow for departure under Section 5K2.11 for Lesser Harm and 5K2.12 for Coercion and Duress. The unique facts of this case, as they relate to defendant Vicki Cass, present mitigating circumstances that were not adequately taken into consideration by the Commission. The facts also show that

Cass may have committed her crime in order to avoid a perceived greater harm, or that she acted under coercion and duress.

Specifically, Vicki Cass is drawn into this conspiracy at the request/demand of co-conspirator Shannon Williams. Williams had Cass open a bank account at Wells Fargo and created a business called V & J's Classic Auto Sales. At that time, Williams brought over a fully restored 1966 Lincoln. Williams then showed Cass a 1979 Monte Carlo and three to four other vehicles, including a truck. Shortly after this, Williams purchased a home on 27th Street. Williams told Cass he was buying houses, fixing them up, then selling them for profit. Williams directed Cass to pay various contractors from the V & J's Classic Auto Account. Defendant Cass has receipts from this time frame, verifying payment to contractors for home repair. Williams then began directing Cass to make payments or deposits as he directed. Cass complied with these requests, mostly out of fear from Williams. Williams rarely discussed his business, legitimate or otherwise, with Cass, and Cass certainly never inquired about facts/details from Williams. Cass knows not to question or cross Williams. Cass was a former girlfriend who had a legitimate job and no criminal history. She was the perfect pawn for Williams to carry out his business.

A downward departure is warranted based on mitigating facts not adequately taken into consideration by the Commission. A downward departure is also warranted based on the choice of lesser harms and the coercion and duress Cass was under during her participation in the conspiracy.

## II. A GUIDELINE SENTENCE IS GREATER THAN NECESSARY TO SERVE THE GOALS OF 18 U.S.C. SECTION 3553(a).

Following the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court must first calculate the non-binding guideline range and then examine the factors

set forth in 18 U.S.C. 3553(a) in selecting an appropriate sentence. <u>Gall v. United States</u>, 128 S. Ct. 586, 596 (2007). After considering these factors, the district court is directed to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing. As indicated in 18 U.S.C. 3553(a), these purposes include just punishment, deterrence, and rehabilitation of the defendant. In determining a sufficient sentence, the court is required to make an individualized assessment based on the facts presented, as opposed to presuming the guideline sentence is the correct one. <u>Rita v. United States</u>, 127 S. Ct 2456, 2465 (2007). An analysis of the factors outlined in 18 U.S.C. 3553(a) indicate that a sentence within the guideline range would be excessive under the circumstances of the defendant's case.

This is a money laundering case. A review of the PSR shows that defendant Cass has a long history of employment. She has zero criminal history points. Cass' financial condition is set out at paragraph 81. Cass may be the only defendant in this conspiracy that to date, has not been convicted of the drug offense in Count I. Cass' role was only on the money end, and that role was limited. Cass' motivation for the offense, that being self-preservation, should also be balanced in her favor. Cass is a foster parent, participates in the Foster Care Review Board, and in 2007, adopted DeMetre Corbin Chatman, her nephew due to his mother testing positive for cocaine at his birth.

The defendant is requesting this court to sentence her well below the advisory guideline range. The Court can accomplish this by any of the foregoing reasons and guideline references. The imposition of a lower sentence would still satisfy the requirement of 18 U.S.C. section 3553(a)(2)(A): the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

The defendant requests the Court to either depart downward or deviate from the advisory sentencing guideline range pursuant to its authority under <u>United States v. Booker</u>, 543 U.S. 220 (2005), and pursuant to Title 18 U.S.C. Section 3553(a).

Dated this 14th day of September, 2010.

        VICKI CASS, Defendant

By:  s/Glenn A. Shapiro #19126
      SCHAEFER SHAPIRO, LLP
      1001 Farnam Street, Suite 300
      Omaha, Nebraska  68102
      (402)341-0700
      Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Maria R. Moran, Assistant United States Attorney, 1620 Dodge Street, Suite 1400, Omaha, Nebraska 68102-1506.

        s/Glenn A. Shapiro